UNITED STATES DISTRICT COURT
DISTRICT RHODE ISLAND

LORI AMARAL
    Plaintiff

VS                                CA

FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a
FRESENIUS MEDICAL CARE NORTH AMERICA'S INSURANCE PLAN; Alias;
FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE
NORTH AMERICA, Alias; and LIFE INSURANCE COMPANY OF NORTH AMERICA,
Alias

    Defendants

## **COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

NOW COMES the Plaintiff, Lori Amaral, by her attorney, Mark B. Morse, and sets forth the following:

### JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 et seq., and particularly Section 510 (20 U.S.C. §1140), 20 U.S.§ 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pre textually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan. All acts alleged have occurred within the State of Rhode Island and within this judicial district.

### THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 136 Horton Street, Fall River, MA. At all times material hereto, Plaintiff has been an employee of Defendant Fresenius Medical Care Holdings, Inc, (hereinafter the Employer) located at 125 Corliss Street, Providence, RI since on or about November 21, 1998 as a dialysis technician.

2. The Employer, is a corporation authorized to do business in the State of Rhode Island and owns and operates medical care facilities at various locations throughout the State of Rhode Island and the United States.

3. The Employer is an employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the the Fresenius Medical Care Holdings, Inc. dab Fresenius Medical Care North America's Insurance Plan" (herein the Plan) and is the plan sponsor of the Plan within the meaning of ERISA.

5. Defendant Fresenius Medical Care Holdings, Inc. dab Fresenius Medical Care North America (herein Plan Administrator), is the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant Life Insurance Company of North America (hereinafter CIGNA) is a corporation engaged in the business of insurance with a principal place of business in Pittsburgh, PA, and which is authorized to do business in the State of Rhode Island.

## FACTUAL ALLEGATIONS

7. At all times material hereto, and since at least 1998, the Employer and the Plan Administrator caused CIGNA to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from CIGNA.

10. By virtue of the relationship with the Employer, the Plan Administrator and CIGNA Insurance jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

13. On or about September 7 2013, Plaintiff sustained substantial injuries.

14. Since on or about September 7 2013, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, consequences of a stroke, right sided weakness, visual loss wth severe headaches, cognitive dysfunction, severe depression, dizziness, memory impairment, and an unsteady gait.

15. As a result of her injuries and illnesses, since on or about September 7 2013, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about March 9, 2014 following the applicable elimination period, the Plan Administrator, through CIGNA, provided Plaintiff with Long-Term Disability Benefits.

17. On or about March 7, 2016 the Plan Administrator, and CIGNA, discontinued Plaintiff's disability benefits even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements.

19. On or about November 4, 2016, the Plan Administrator and CIGNA, failing to act on the appeal, thereby effectively denying Plaintiff's appeal.

20. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

21. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

22. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants are obligated to pay same.

23. Defendants have failed to keep their agreements and promises by refusing to pay beyond March 7, 2016, Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

24. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
### (ERISA VIOLATION, 29 U.S.C. §1001 ET SEQ.)

25. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 24 inclusive, as if more fully set forth herein.

26. The Plan Administrator and CIGNA Insurance are fiduciaries under ERISA and otherwise owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

27. Since on or about March 7, 2016, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

28. The Plan Administrator and CIGNA Insurance terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

29. The denial of Plaintiff's disability benefits by the the Plan Administrator and CIGNA Insurance constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

30. CIGNA Insurance has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

31. By virtue of the actions of the Plan Administrator and CIGNA Insurance, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT II
## (BREACH OF CONTRACT)

32. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 31, inclusive, as if more fully set forth herein.

33. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Employer, the Plan Administrator and CIGNA Insurance created a contract with the Plaintiff.

34. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

35. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and CIGNA Insurance have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT III
## (FAILURE TO PROVIDE PLAN INFORMATION)

36. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 35, inclusive, as if more fully set forth herein.

37. On or about March 9, 2017 plaintiff, through her agent and attorney requested from The Plan Administrator information requesting, *inter alia,* a copy of the summary plan description.

38. Despite plaintiff's request, the Administrator refused to comply, and continues to refuse to provide the requested information within thirty (30) days as is more particularly required by the terms of 29 USC §1021.

WHEREFORE, plaintiff requests that Defendant the Plan Administrator be ordered to provide the information as requested, that it be fined $110.00 for each day of non-compliance after the initial thirty (30) day period, that it be ordered to pay costs, and reasonable attorney fees, and that this Court order such other relief as it deems meet and just.

PLAINTIFF
By her Attorneys,
Law Office of Mark B. Morse, LLC
/s/ Mark B. Morse
_____
Mark B. Morse
RI Bar Reg No 3003
420 Angell Street, Suite 2

316116

Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
mark@morselawoffice.com